IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUOBI CO., LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTO HG DIGITAL ASSET GROUP FUND I GP, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-04804-MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED; EXTENDING BRIEFING SCHEDULE AND CONTINUING HEARING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION OR TO DISMISS** |

Before the Court is defendants' "Motion to Compel Arbitration and Stay This Action Pending Arbitration or, in the Alternative, to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," filed August 16, 2021.  The Court notes, however, there is a preliminary issue of subject matter jurisdiction.  In particular, although plaintiff Huobi Co., Ltd. ("Huobi") asserts diversity jurisdiction exists over its state law claims against defendants, Huobi's allegations as to diversity of citizenship are, as discussed below, insufficient.

Where, as here, the plaintiff is a citizen of a foreign state (see Compl. ¶ 1 (alleging Huobi is corporation "registered under the laws of the Republic of Korea," with its "principal place of business in Seoul, South Korea")), and the amount in controversy exceeds $75,000 (see Compl. ¶ 46 (alleging Huobi seeks to recover "not less than $2 million")), diversity jurisdiction exists only if all defendants are "citizens of a State."  See 28 U.S.C. § 1332(a)(2).[1]  Although Huobi alleges defendant Taotao He, an individual, is a citizen of New York (see Compl. ¶¶ 5, 9), the allegations pertaining to defendants Marto

---

[1] For purposes of § 1332, a "citizen of a State" means the party must "be a citizen of the United States and be domiciled within [a] State."  See Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826, 828 (1989) (emphasis in original).

1  HG Digital Asset Group, LLC ("MHG LLC"), Marto HG Digital Asset Group Fund I, GP,
2  LLC ("MHG GP"), and Marto HG Digital Asset Group Fund I, LP ("MHG LP") are
3  deficient.
4        MHG LLC and MHG GP are, according to Huobi, limited liability corporations
5  ("LLC").  (See Compl. ¶¶ 3, 4.)  An LLC "is a citizen of every [S]tate of which its owners/
6  members are citizens."  See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d
7  894, 899 (9th Cir. 2006).  The Complaint does not, however, identify the owners/
8  members of MGH LLC, let alone each owner's/member's citizenship, and, consequently,
9  fails to allege sufficient facts to support a finding that MGH LP is a citizen of a State or
10  States.  Although the Complaint alleges MGH GP is "a 100% owned subsidiary of MGH
11  LLC" (see Compl. ¶ 4), i.e., that MGH GP's sole owner is MGH LLC, Huobi's failure to
12  allege sufficient facts to support a finding that MGH LLC is a citizen of a State or States
13  likewise constitutes a failure to sufficiently allege MGH GP is a citizen of a State or
14  States.
15        MHG LP is, according to Huobi, a "limited partnership" ("LP").  (See Compl. ¶ 2.)
16  An LP is a citizen of every State of which its "general partners" and its "limited partners,"
17  are citizens.  See Carden v. Arkoma Associates, 494 U.S. 185, 192, 195-96 (1990).
18  Here, although the Complaint alleges "the general partner" of MGH LP is MGH GP (see
19  Compl. ¶ 4), the Complaint, as noted above, fails to allege facts to support a finding that
20  MGH GP is a citizen of a State or States.  In addition, the Complaint fails to identify the
21  limited partners of MGH LP, let alone each limited member's citizenship.
22        Accordingly, Huobi is hereby ORDERED TO SHOW CAUSE, in writing and no
23  later than September 3, 2021, why the above-titled action should not be dismissed
24  without prejudice for lack of subject matter jurisdiction.  See Fed. R. Civ. P 12(h)(3)
25  (providing "[i]f the court determines at any time that it lacks subject-matter jurisdiction, it
26  must dismiss the action").
27        Lastly, although Huobi's opposition to defendants' motion ordinarily would be due
28  no later than August 30, 2021 (see Civil L.R. 7-3(a)), that deadline is hereby EXTENDED,

United States District Court
Northern District of California

and the hearing date on defendants' motion, presently September 24, 2021, is hereby CONTINUED, the particular dates to be reset, if necessary, after resolution of the above-referenced jurisdictional issue.

**IT IS SO ORDERED.**

Dated: August 19, 2021

MAXINE M. CHESNEY
United States District Judge