IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUOBI CO., LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTO HG DIGITAL ASSET GROUP FUND I GP, LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-04804-MMC<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    By order filed August 19, 2021 ("August 19 Order"), the Court directed plaintiff Huobi Co., Ltd. ("Huobi") to show cause why the above-titled action should not be dismissed for lack of subject matter jurisdiction.  Specifically, the Court found Huobi, a citizen of the Republic of Korea who asserts diversity jurisdiction exists over its state law claims against defendants, had failed to allege any facts to show the citizenship of three of the defendants, specifically, Marto HG Digital Asset Group, LLC ("MHG LLC"), Marto HG Digital Asset Group Fund I, GP, LLC ("MHG GP"), and Marto HG Digital Asset Group Fund I, LP ("MHG LP").[1]

    Now before the Court is Huobi's "Response to Order Directing Plaintiff to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction," filed September 3, 2021, as well as Huobi's First Amended Complaint ("FAC"), also filed September 3, 2021.  Having read and considered the response and the FAC, the Court rules as follows.

    As noted in the August 19 Order, Huobi, to show the parties are diverse, must

---

[1] The Court found Huobi sufficiently alleged it is diverse in citizenship from the remaining defendant, Taotao He, a citizen of New York.

allege facts to support a finding that each defendant is a citizen of a State.  (See August 19 Order at 1:19-24 (citing 28 U.S.C. § 1332(a)(2).)  In its response, Huobi identifies additional factual allegations it now includes in the FAC, and the Court finds those additional factual allegations are sufficient to show Huobi is diverse in citizenship from MGH LLC and MGH GP.  (See Pl.'s Response at 2:12-14, 18-21.)

The remaining defendant, MGH LP, is a "limited partnership." (See FAC ¶ 2.)  A limited partnership is a citizen of every State of which its "general partners" and its "limited partners" are citizens.  See Carden v. Arkoma Associates, 494 U.S. 185, 192, 195-96 (1990).  Huobi alleges MGH LP has one general partner, MGH GP, which, as noted above, is diverse in citizenship from Huobi.  Huobi also alleges, however, that MGH LP has limited partners and that Huobi is unaware of the "specific identities" of any of those limited partners.  (See FAC ¶ 5.)  Consequently, Huobi alleges no facts as to the citizenship of the limited partners.

In the absence of any showing that each of MGH LP's limited partners is diverse in citizenship from Huobi, Huobi cannot establish diversity jurisdiction.  See Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990) (holding citizenship of limited partnership "depends on the citizenship of all the members"; rejecting "contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members")

Accordingly, the above-titled action is hereby DISMISSED for lack of subject matter jurisdiction, without prejudice to refiling in an appropriate state court forum.

**IT IS SO ORDERED.**

Dated: September 17, 2021

MAXINE M. CHESNEY
United States District Judge